IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01759-WDM-MJW

MARY RODRIGUEZ,
STEVEN RODRIGUEZ, and
TEJANO CORPORATION,

    Plaintiffs,

v.

TOWN OF EAGLE BOARD OF TRUSTEES,
TOWN OF EAGLE POLICE DEPARTMENT,
PHILIP BIERSDORFER in both his individual and official capacities, and
THE CHIEF OF POLICE OF THE TOWN OF EAGLE in his/her official capacity,

    Defendants.

## ORDER ON MOTION FOR PARTIAL DISMISSAL
## AND FOR JUDGMENT ON THE PLEADINGS

Miller, J.

This matter is before me on the motion for partial dismissal and for judgment on the pleadings filed by defendants Town of Eagle Board of Trustees, Town of Eagle Police Department, Philip Biersdorfer, and the Chief of Police of the Town of Eagle (Defendants). Plaintiffs Mary Rodriguez, Steven Rodriguez, and Tejano Corporation partially concede the arguments raised in the motion. I have reviewed the parties' written arguments and conclude oral argument is not required. For the reasons that follow, the motion will be granted.

Defendants first argue that the Fourth Claim for Relief, for abuse of process, must be dismissed for lack of subject matter jurisdiction because Plaintiffs did not comply with

the notice requirements of the Colorado Governmental Immunity Act.  In response, plaintiffs concede the claim should be dismissed, albeit on statute of limitations grounds. Plaintiffs do agree they failed to provide the notice required by the CGIA, but they argue that the claims against Biersdorfer and his successor (presumably in their individual capacities) are not covered by the Act's requirements.

I conclude the claim for abuse of process should be dismissed against the Town of Eagle, the Police Department, and the individuals in their official capacities for lack of jurisdiction.  The claim will be dismissed against the individual capacity defendants based on Plaintiffs' concession regarding time limitations.

Defendants' third argument is that the official capacity suits against Biersdorfer and his successor are redundant of the claims against the Town of Eagle Board of Trustees. Plaintiffs agree, and I conclude the motion to dismiss should be granted on this ground as well.

The remaining argument is that the 42 U.S.C. § 1981 claim against the Town of Eagle Police Department must be dismissed because the Department is not a separate entity subject to suit under state law or sections 1981 or 1983.  Although the parties dispute whether § 1981(c), as added by the 1991 amendments to the Civil Rights Act, allows an independent cause of action against individual state actors, I conclude it is not necessary to resolve this issue on the record before me.

In the motion to dismiss, Defendants assert the Department is not a separate legal entity with the power to sue and be sued under Colorado law but rather a division of the Town of Eagle.  State law expressly bestows on the Town–not its subdivisions–the

authority to sue and be sued. C.R.S. § 31-15-101(1)(b). In reply, Defendants point out that any judgment for Plaintiffs in this case could not be executed or enforced against the Police Department. Plaintiffs do not respond to this argument.

I agree with Defendants that, under Colorado law, the Department is not a separate legal entity subject to suit. Accordingly, I conclude the claims against the Police Department are properly asserted against the Town of Eagle Board of Trustees, which is already a defendant.

Accordingly, it is ordered that the motion for partial dismissal and for judgment on the pleadings, filed March 16, 2005, is granted as discussed in this order.

DATED at Denver, Colorado, on April 4, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge