IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01759-WDM-MJW

MARY RODRIGUEZ,
STEVEN RODRIGUEZ, and
TEJANO CORPORATION,

      Plaintiffs,

v.

TOWN OF EAGLE BOARD OF TRUSTEES, and
PHILIP BIERSDORFER in his individual capacity,

      Defendants.

_____

ORDER
_____

Miller, J.

THIS MATTER comes before me on Defendants' Motion for Summary Judgment [Doc. # 61]. I have reviewed the written arguments of the parties. I grant in part and otherwise deny the motion for the following reasons.

At the time Defendants' motion was filed, they requested summary judgment on all four of Plaintiffs' claims. Pursuant to my order of April 4, 2006 [Doc. # 108], Plaintiffs' fourth claim for abuse of process was dismissed, as well as all claims against Philip Biersdorfer (Biersdorfer) in his official capacity and all claims against the Chief of Police of the Town of Eagle. Furthermore, I note that in Plaintiffs' response to Defendants' Motion for Summary Judgment, Plaintiffs concede their third and fourth claims which were brought pursuant to 42 U.S.C. § 1983. Consequently, the only claim which remains in contention

is Plaintiffs' first claim which is brought pursuant to 42 U.S.C. § 1981 against Defendants Board of Trustees of the Town of Eagle (hereinafter "Board") and Biersdorfer in his individual capacity as Chief of Police in the Town of Eagle at the time in issue.

## I.      General Standard of Review for Summary Judgment

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thrasher v. B & B Chemical Company, Inc.*, 2 F.3d 995, 996 (10th Cir. 1993) (citations omitted).  The moving party bears the initial burden of showing that there is an absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);  *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir. 1991). The moving party need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.  *Universal Money Ctrs. v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied,* 115 S.Ct. 655 (1994).  If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986);  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Applied Genetics Int'l. v. First Affiliated Sec.*, Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  If the nonmoving party

fails to make the required showing with respect to any element essential to its case and on which it bears the burden of proof at trial, then the moving party is entitled to summary judgment "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.  Although the court views the record in the light most favorable to the party opposing the motion for summary judgment, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment.  *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1481 (10th Cir. 1994), citing *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 110 (10th Cir. 1991) (emphasis in original).

**II.     42 U.S.C. § 1981 as Sole Basis for Claim**

As a preliminary matter, the parties disagree about whether Plaintiffs must bring their § 1981 claim through § 1983.  Plaintiffs argue that a change in the § 1981 law brought about by the Civil Rights Act of 1991 means that their § 1981 claim can stand on its own.  They go on to argue that even if their § 1981 claim must be paired with § 1983, they could meet those requirements.

Since the time of the filing of these briefs, this issue has been addressed by the

Tenth Circuit Court of Appeals.  Acknowledging a continuing split in the circuits, the Tenth Circuit came down firmly on the side of those circuits which hold that *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702 (1989) was **not** overruled by the amendment of § 1981 in the Civil Rights Act of 1991.  *Bolden v. City of Topeka, Kansas,* 441 F.3d 1129 (10th Cir. 2006).  Consequently, the Court will consider Plaintiffs' § 1981 claims as being based on the remedies provided by § 1983.

### III.   Defendants' Motion

Defendants' motion does not change a great deal based on the change in status of some of Plaintiffs' claims.

#### Collateral Estoppel

Defendants assert that Plaintiffs are collaterally estopped from challenging the Board's factual findings that Plaintiffs violated the applicable law governing liquor licensing.     Plaintiffs respond that the proceedings were limited to the application for license renewal and did not include their § 1981 claim.  Since Plaintiffs were not given a full opportunity to pursue their § 1981 claims that issue cannot be precluded by *res judicata* or collateral estoppel.  *See Wilson v. Town of Avon*, 749 P.2d 990, 992 (Colo. App. 1987); *Scroggins v. State of Kansas*, 802 F.2d 1289, 1291 (10th Cir. 1986).

Defendants concede the § 1981 claim cannot be precluded and instead assert there should not be a relitigation of facts found by the Defendants to be violations of the applicable liquor laws.  In other words, collateral estoppel makes the factual findings of violations in the quasi judicial hearing binding on the parties while Plaintiffs' § 1981 claim remains.  The real issue is whether denial of renewal was a disparate, discriminatory act

when compared to the treatment of other violators, in particular the Brush Creek Saloon.

I agree that the Board's findings concerning violations should be given preclusive effect through the application of collateral estoppel:

1.  The decision that violations occurred is identical with the issue here;

2.  Given Plaintiffs' withdrawal of their petition to review the Board's decision pursuant to C.R.C.P. 106(a)(4), the violation issue has been finally adjudicated on its merits;

3.  The parties here are the same, or in privity with, the party to the prior adjudication; and

4.  The parties here had a full and fair opportunity to litigate the issue of violations in the prior proceedings before the Board.

Accordingly, the doctrine of collateral estoppel makes the findings of violations by plaintiffs applicable to this case.  *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1197 (10th Cir. 2000).

**Equal Protection Claim**

The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.  A violation of equal protection occurs when the government, here a municipality, treats someone differently than another who is similarly situated.  *See City of Cleburne, Tex. v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985);  *Oyler v. Boles*, 368 U.S. 448, 456 (1962); *Landmark Land Co. of Oklahoma, Inc. v. Buchanan*, 874 F.2d 717, 722 (10th Cir. 1989). The liability may be established on the basis of governmental custom, policy or, as here,

by a single decision or act.  *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986).

Defendants argue that claim fails on the merits because Plaintiffs cannot show that they were treated differently than anyone who was similarly situated.  In particular, they claim that Plaintiffs cannot show that they were treated differently because the violations of the establishment that did not lose its liquor license (Brush Creek Saloon) were not of comparable seriousness.

The issue thus becomes whether there is a genuine issue of fact concerning disparate treatment.

Plaintiffs' focus[1] on a comparison between the violations of El Tejano and the neighboring Brush Creek Saloon.  Both establishments were the subject of hearings held by the same official on behalf of the Board in August 2002.  Both establishments were alleged to have committed numerous infractions of the Colorado Liquor Regulations.  In each proceeding, the hearing officer found that some of the allegations were supported by the evidence while others were not.  In the matter of the renewal of the Brush Creek Saloon, the majority of the problems were related to service of alcohol to visibly intoxicated individuals.  Some of those involved individuals who were charged with DUI, obviously a disturbing scenario.  There were also several instances of disorderly conduct, one involving a physical altercation and the other one a rifle.  The most disturbing incident involved service to an intoxicated individual who committed suicide soon after arriving

---

[1]Plaintiffs refer to a statewide summary of enforcement by local authorities.  I did not consider this evidence given its remoteness to the community involved here.

home from the bar.[2]

The violations of Plaintiffs included underage drinking, after hours drinking, obstruction of officers, and a series of improper events involving a female minor.

As noted by Plaintiffs, although individuals could differ about the relative seriousness of the incidents at issue for the two establishments, it is undisputed that infractions were of the same state regulation 47-900 while the penalties were quite disparate.  Brush Creek suffered a mere 25 day suspension of its license, with 20 of those days held in abeyance, while Plaintiffs' license was not renewed.

Furthermore, while I do not find Plaintiffs' citation of incidents in 1994 involving the Brush Creek Saloon to be timely enough to be pertinent here, they do a raise a question regarding Defendants' willingness to work with that establishment, while Plaintiffs' license was essentially revoked at the first opportunity.

In sum, Plaintiffs have raised a genuine issue of material fact regarding whether their business has been treated differently than one that could be found to have been similarly situated.

**Qualified Immunity**

Qualified immunity is an affirmative defense which protects government officials who perform discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982).

---

[2] I also note that there were two incidents in which the hearing officer did not find a violation but in which he noted that the behavior, including that of an employee of the Brush Creek Saloon, was "curious."  (Ex. A21 to Defs' Mtn. at ¶¶ 6 and 10.)

> After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, and the plaintiff must first establish that the defendant's actions violated a constitutional or statutory right. If a favorable view of the facts alleged show[s] the violation of a constitutional right, the next, sequential step is to ask whether the right was clearly established at the time of the defendant's unlawful conduct. [If] the plaintiff fails to satisfy either part of this two-part inquiry, the court must grant the defendant qualified immunity.

*Kirkland v. St. Vrain Valley School Dist. No. Re-1J*,  464 F.3d 1182, 1188 (10th Cir. 2006) (citation omitted).

In this case, Plaintiffs have failed to respond to Defendant Biersdorfer's affirmative defense of qualified immunity.  Consequently, Plaintiffs  have failed to meet their burden of establishing that Biersdorfer violated any of their constitutional rights.  Furthermore, Plaintiffs have failed to show that Biersdorfer took any actions in regard to their application to renew their liquor license that could have affected their rights.  It is undisputed that Biersdorfer had no power to make a decision on the application.  It is also undisputed that he did not create the recommendation to the Defendant Board  from the Police Department and he did not even appear at either hearing regarding the application.  (Exs. D, E and R to Plaintiffs Brief).   Under these circumstances, Defendant Biersdorfer is entitled to qualified immunity.

It is, therefore, ORDERED that Defendants' Motion for Summary Judgment is Granted in part and Denied in part. Summary Judgment is Granted in favor of Defendant

Biersdorfer and against Plaintiffs.  The Motion is denied as to Defendant Board of Trustees.

DATED at Denver, Colorado, on November 15, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge