IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01759-WDM-MJW

MARY RODRIGUEZ,
STEVEN RODRIGUEZ, and
TEJANO CORPORATION,

    Plaintiffs,

v.

TOWN OF EAGLE BOARD OF TRUSTEES.

    Defendants.

## ORDER ON MOTIONS IN LIMINE

Miller, J.

This matter is before me on Defendants' Motion in Limine Concerning the Issue of Collateral Estoppel (doc no 116), Plaintiffs' Motion in Limine (doc no 118), and Plaintiffs' Second Motion in Limine (doc no 145). Plaintiffs have conceded Defendants' Motion in Limine and it will be granted. For the reasons set forth below, Plaintiffs' motions will be denied without prejudice.

### Background

This case concerns Plaintiffs' application for a renewal of a liquor license for the El Tejano Bar and Nightclub in the Town of Eagle, Colorado. Plaintiffs are the Tejano Corporation, which owns the bar, and Mary Rodriguez and Stephen Rodriguez, two of the corporation's individual shareholders and directors. The original defendants were the Town of Eagle (the "Town"), the Board of Trustees of the Town ("Board"), and Philip

Biersdorfer, the Town's former Chief of Police.

After a hearing and recommendation not to renew by the Town's Local Licensing Authority, the Board denied Plaintiffs' license renewal. Evidence presented at the hearing revealed a number of liquor code violations, including serving drinks to minors and allowing a minor female to expose herself for drinks and tips at the bar. Plaintiffs contend that the sanction imposed by the Town was unduly harsh and more severe than penalties imposed on an Anglo bar that had engaged in more serious and prolonged violations of the liquor code over an extended period of time. Plaintiffs asserted three claims for relief: a 42 U.S.C. § 1981 claim against all Defendants for discrimination on the basis of Plaintiffs' Hispanic ancestry; a 42 U.S.C. § 1983 claim against all Defendants for deprivation of Plaintiffs' rights to equal protection of the law and substantive due process; and a 42 U.S.C. § 1983 against Defendant Biersdorfer in his individual capacity for depriving Plaintiffs of their rights to equal protection and substantive due process. Defendants denied selective enforcement of municipal ordinances against Plaintiffs and asserted several affirmative defenses.

On Defendants' motion for summary judgment, I dismissed Plaintiffs' § 1983 claims and all claims against Defendant Biersdorfer on the basis of qualified immunity. Only Plaintiffs' § 1981 claim against the Town remains. I also ordered that Plaintiffs were collaterally estopped from relitigating the factual findings of the Board concerning the violations.

<u>Discussion</u>

1.      <u>Plaintiffs' Motion in Limine</u>

Plaintiffs seek to exclude testimony of Buck Allen, the hearing officer at the liquor license renewal proceedings, Edward Sands, the City Attorney for the Town, and Stephen Richards. The witnesses are expected to testify regarding liquor license renewal hearings, the evidence presented at the El Tejano and Brush Creek hearings, the Town's ordinances, and the Town's decisions and hearings. Plaintiffs object to this testimony on the grounds that it is not relevant and that it is expert testimony. Defendant did not respond to this motion.

I cannot discern from the minimal content of Plaintiffs' motion whether the proffered testimony indeed qualifies as expert testimony. In addition, it appears that such testimony could be relevant to disputed issues. Accordingly, I will deny the motion without prejudice. Plaintiffs may renew their objections at trial when the purpose for which the evidence is offered and the extent to which it is expert testimony will be easier to determine.

2.      <u>Plaintiffs' Second Motion in Limine</u>

Plaintiffs also seek to exclude certain exhibits. First, they seek to exclude evidence pertaining to the granting of a liquor license to another bar in 2004 (Exhibit 48) on the grounds that it concerns events outside of the relevant time period and is therefore not relevant. Defendant, citing employment discrimination case law, argues in response that subsequent events can be probative of intent and the policies of the government body. I agree with Defendant that the evidence appears to be relevant and I see no basis to exclude Exhibit 48.

Plaintiffs also seek to exclude Exhibit 50, which is a demonstrative exhibit outlining alleged differences between the history and conduct of Plaintiffs' bar and another bar, the Brush Creek Saloon. Plaintiffs contend that the information contained in the comparison chart is inaccurate. In response, Defendant argues that the characterizations in the chart are consistent with its evidence, which Plaintiffs may dispute but not exclude. I agree with Defendant that there is evidence sufficient to support the summary in the demonstrative chart and it may otherwise be admissible. I disagree Plaintiffs that this exhibit presents a danger of unfair prejudice, confusion, or misleading the jury, as it merely summarizes evidence Defendant intends to present. However, Plaintiffs may renew their objections at trial in the event that the evidence presented does not support these descriptions.

Plaintiffs further seek to exclude transcripts of the liquor license renewal hearings (Exhibits 35 and 36) on the grounds that I have already ruled that Plaintiffs are collaterally estopped from challenging the factual findings of the hearing, making this evidence cumulative and irrelevant. In response, Defendant argues that this evidence, which includes prior sworn testimony by the Plaintiffs, is relevant and can be used for impeachment or substantive purposes. I agree with Defendant that the transcripts may be admissible. Nonetheless, Plaintiffs may renew their objection at trial if it appears that this evidence, when proffered, is objectionable pursuant to the Rules of Evidence.

Plaintiffs ask that police reports concerning the allegations of the minor drinking and exposing herself at the bar be excluded, as they are hearsay, irrelevant, and their probative value is outweighed by the danger of unfair prejudice, confusion, or considerations of undue delay, waste of time, or needless presentation of cumulative

4

evidence. Defendant has agreed to withdraw these exhibits but maintains that evidence concerning the liquor code violations is admissible and relevant. I agree as a general matter that evidence concerning Plaintiffs' violation of the Town's liquor codes is relevant to the claims here but Plaintiffs may raise objections at trial as appropriate.

Finally, Plaintiffs seek exclusion of evidence of criminal charges filed against the individual Plaintiffs as a result of the liquor code violations (Exhibits 29, 30, 31). The charges against Mary Rodriguez were dismissed, but Steven Rodriguez was convicted. Plaintiffs assert that Steven Rodriguez's conviction is now on appeal and that this evidence is generally irrelevant and poses a risk of unfair prejudice. In response, Defendant asserts that the filing of criminal charges demonstrates the severity with which the Town viewed the violations and misconduct. Moreover, Defendant argues that this evidence helps to demonstrate why such a harsh sanction was imposed on Plaintiffs. It appears that this evidence is generally relevant; however, I have concerns that there is a danger of unfair prejudice. Because of the lack of context or information about the purpose for which this evidence will be offered, a definitive ruling on this issue must wait until trial. Accordingly, I will deny the motion as to this evidence without prejudice to Plaintiffs to renew their objections at trial.

Accordingly, it is ordered:

1. Defendants' Motion in Limine Concerning the Issue of Collateral Estoppel (doc no 116) is granted.

2. Plaintiffs' Motion in Limine (doc no 118) and Second Motion in Limine (doc no 145) are denied without prejudice.

DATED at Denver, Colorado, on August 29, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge